Judge: The Honorable Samuel J. Steiner
Bankruptcy: Chapter 13
Hearing Date: September 29, 2010
Hearing Time: 9:30 am
Hearing Location: 700 Stewart Street #7206
Seattle, WA 98101

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON (SEATTLE)

| | |
|---|---|
| *In re the Chapter 13 Bankruptcy of:* | Case No: 10-18453-SJS |
| ROSA M. SARAUSAD, | DEBTOR'S RESPONSE TO CHAPTER 13 TRUSTEE'S MOTION TO DISMISS CASE AND OBJECTION TO CONFIRMATION |
| Debtor. | Chapter 13 Bankruptcy |

TO: The Honorable Judge Steiner; and
TO: K. Michael Fitzgerald, the Chapter 13 Trustee; and
TO: The United States Bankruptcy Court Clerk for the Western District of Washington

**COMES NOW**, the Debtor, Rosa M. Sarausad, by and through his attorney of record, Edward C. Chung, and presents the following response to the Chapter 13 Trustee's Motion to Dismiss Case.

## I. RELIEF REQUESTED

Debtor, Rosa M. Sarausad, responds to the Chapter 13 Trustee's Motion to Dismiss Case, and respectfully requests that the Court denies the Trustee's motion for dismissal of the pending matter and allow Debtor additional time to amend her plan. Pursuant to 11 USC §521 (e) 2 and 11 USC §1308 (b) 2, Debtor requests that the Court deny the Trustee's Motion to Dismiss Case on the grounds that the untimely filing of her federal income tax returns and Trustee's Information Sheet resulted, in part, from circumstances beyond the control of the Debtor. Moreover, the foregoing documents were electronically remitted to the Trustee's Office *via* email on September 21, 2010, thus rendering this matter moot. Ms. Sarausad's request is predicated on the following:

DEBTOR'S RESPONSE TO CHAPTER 13
TRUSTEE'S MOTION TO DISMISS CASE
AND OBJECTION TO CONFIRMATION - PAGE 1 OF 8

EDWARD C. CHUNG, ATTORNEY AT LAW, PLLC
600 First Avenue, Suite # 403
Seattle, Washington 98104
Office Phone: (206) 264-8999    Facsimile (206) 264-9098

tax for the period of 2006 to 2009[1]. A copy of Ms. Sarausad tax filing was remitted to the Chapter 13 Trustee via email on September 21, 2010. A copy of this email is attached hereto as **Exhibit C** and incorporated herein by reference. At present, all tax documents required by Local Bankruptcy Rule 4002-1 (c) 2 have been remitted to the Chapter 13 Trustee.

Pursuant to 11 USC §521, a court may *deny* a dismissal of a Ms. Sarausad's Chapter 13 bankruptcy for failure to file her income taxes if such delay resulted from circumstances beyond the control of the Debtor. In the instant case, the untimely filing of federal income taxes arises from a vary unique set of circumstances that, when taken as a whole provides more than adequate grounds for denial of the Chapter 13 Trustee's Motion for Dismissal. Ms. Sarausad basis for denying the Chapter 13 Trustee's Motion for dismissal is predicated on the following set of facts:

On August 5, 1995 Ms. Sarausad's alleged ex-husband filed a Petition for Dissolution in Snohomish County Superior Court, dissolving his marriage to Ms. Sarausad. Unbeknownst to Ms. Sarausad, and contrary to the signatures contained on the Decree of Dissolution, she claims the Petition for Dissolution was never served upon her and she was never made aware of this legal proceeding. It is her position that that her alleged ex-husband fraudulently forged her signature on the paperwork and then continued to live with her for a 14 years afterwards never making her aware of your divorce. Not until August 20, 2009, when Ms. Sarausad was approached by another woman claiming to be her husband's new wife, Ms. Sarausad became aware that he had filed for dissolution of marriage. As such, Ms. Sarausad *inter alia*, is challenging the validity of the initial decree of dissolution filed in 1995, and has recently sought the assistance of a family law attorney, John Compatore, to address her legal remedies regarding her family law matter. Consequently, Ms. Sarausad's husband has moved out of the house and her current income and financial affairs have been significantly altered by these changes in circumstances, particularly as they relate to community property income and her entitlement to spousal support.

---

[1] The attached copies of Debtor's federal taxes attached as **Exhibit A** contain only the first page of her 1040 taxes. A complete copy of her 1040 tax filing were remitted to the Chapter 13 Trustee *via* email on September 21, 2010.

**DEBTOR'S RESPONSE TO CHAPTER 13
TRUSTEE'S MOTION TO DISMISS CASE
AND OBJECTION TO CONFIRMATION - PAGE 3 OF 8**



EDWARD C. CHUNG, ATTORNEY AT LAW, PLLC
600 First Avenue, Suite # 403
Seattle, Washington 98104
Office Phone: (206) 264-8999    Facsimile (206) 264-9098

As a result of the unfortunate events described herein, Ms Sarausad has suffered severe emotional distress and diligently gathered whatever documents she could to timely file the required documents needed by the Chapter 13 bankruptcy trustee. At present, Ms. Sarausad believes she should be receiving spousal support from her husband through family court and will amend her Chapter 13 plan accordingly. As such, Ms. Sarausad is requesting that the Trustee's Motion to dismiss be denied and that she be afforded the opportunity to amend her Chapter 13 plan. In conjunction with Ms. Sarausad's Response to the Chapter 13 Trustee's Motion to Dismiss Case and Objection to the Confirmation Hearing she has filed and served a declaration in support of the foregoing facts. *See*, Declaration of Rosa M. Sarausad.

### III. ISSUES PRESENTED

1. Whether the Chapter 13 Trustee's Motion to Dismiss Case should be denied as a result of the Debtor remitting his Trustee Information Sheet and her Federal Income Tax Returns prior to the scheduled hearing on this matter?

2. Whether, under 11 USC §521 or 11 USC §1308, the dismissal of the Debtor's Chapter 13 bankruptcy for the untimely filing of her federal tax returns is unwarranted due to circumstances beyond the Debtor's control?

### IV. EVIDENCE RELIED UPON

This motion is based on the pleadings and declarations filed herein, and such other and further matters as may properly be brought before the Court.

### V. ARGUMENT

**A. THE UNITED STATES BAKRUPTCY CODE, 11 USC §521, PERMITS THE DEBTOR TO OVERCOME A MOTION FOR DISMISSAL FOR FAILURE TO FILE FEDERAL INCOME TAX RETURNS IF THE DELAY IN FILING RESULTED FROM CIRCUMSTANCES BEYOND THE CONTROL OF THE DEBTOR.**

Pursuant to 11 USC §521, a court may *deny* a dismissal of a Debtor's Chapter 13 bankruptcy for failure to file his income taxes if such delay resulted from circumstances beyond the control of the Debtor. The applicable language of 11 USC §521 reads as follows:

(A) The debtor shall provide—
DEBTOR'S RESPONSE TO CHAPTER 13
TRUSTEE'S MOTION TO DISMISS CASE
AND OBJECTION TO CONFIRMATION - PAGE 4 OF 8



EDWARD C. CHUNG, ATTORNEY AT LAW, PLLC
600 First Avenue, Suite #403
Seattle, Washington 98104
Office Phone: (206) 264-8999  Facsimile (206) 264-9098

(i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and

(ii) at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.

(B) If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), ***the court shall dismiss the case unless the debtor demonstrates that the failure to comply is due to circumstances beyond the control of the debtor.***

11 USC §521 (e) 2 (A) and (B); *emphasis added*.

In the instant case, Ms. Sarausad did not know she was no longer married to her husband, Romulo Sarausad. Unbeknownst to her, Romulo Sarausad had filed a Petition for Dissolution of Marriage in August of 1995. *See*, Declaration of Rosa M. Sarausad. Upon discovering that her husband had obtained a decree of dissolution, he moved out of their home and subsequently moved in with his new wife Lourdes Limbo. This change in circumstances significantly altered the classification of assets as either community or separate property. Because of this deceit, she had to reassess what her income was and file her taxes accordingly.

In addition, Ms. Sarausad's income for 2009 was significantly low, just above the required filing requirements for IRS tax purposes for someone over the age of 69 years old. It was her initial belief that she was exempt from filing taxes due to her income, however, after reviewing her tax records, she filed accordingly and such documents were remitted to the Chapter 13 Trustee on September 21, 2010. As such, Ms. Sarausad is respectfully requesting that the Court deny the Trustee's motion to dismiss in accordance with 11 USC §521, as such dismissal, in consideration of facts stated herein, would not be in the interest of justice.

\\
\\
\\
\\
\\



EDWARD C. CHUNG, ATTORNEY AT LAW, PLLC
600 First Avenue, Suite # 403
Seattle, Washington 98104
Office Phone: (206) 264-8999    Facsimile (206) 264-9098

**B. A DISMISSAL OF THE DEBTOR'S CHAPTER 13 BANKRUPTCY FOR NON-COMPLIANCE WITH LOCAL BANKRUPTCY RULE 4002-1 IS MOOT, AS A COPY OF THE DEBTOR'S TRUSTEE INFORMATION SHEET AND FEDERAL INCOME TAXES WERE ELECTRONICALLY SENT TO TRUSTEE'S OFFICE PRIOR TO THE SCHEDULED HEARING ON THE TRUSTEE'S MOTION TO DIMISS THE CASE.**

On August 23, 2010, the following documents were remitted to the Trustee's Office via electronic email:

    1) Trustee Information Sheet;
    2) Debtor's Declaration;
    3) Bank Statements for past 90 days; and
    4) 1040 Affidavit for 2009 Federal Tax Return

*See*, Exhibit A.

On September 21, 2010, the following documents were remitted to the Trustee's Office via electronic email:

    1) 2006 Federal Tax Return
    2) 2007 Federal Tax Return
    3) 2008 Federal Tax Return; and
    4) 2009 Federal Tax Return.

*See*, Exhibit B.

As the foregoing documents have been properly remitted to the Trustee prior to the September 29, 2010 hearing on the Trustee' motion to dismiss, the pending motion before the court is moot and the Debtor respectfully requests that the Court either strike or deny the pending motion for dismissal. As for the Chapter 13 Plan and schedules, Debtor intends to amend accordingly and for the confirmation hearing to be reset.

**C. THE CHAPTER 13 TRUSTEE'S MOTION FOR DISMISSAL FOR NON-FILING OF FEDERAL INCOME TAXES IS PREMATURE AS DEBTOR WAS NOT AFFORDED THE OPPORTUNITY TO REQUEST ON THE RECORD THAT THE 341 MEETING OF CREDITORS REMAIN OPEN PURSUANT TO 11 USC §1308.**

11 USC §1308 is one of several sections under BAPCPA that address the debtor's obligation to file tax returns. 11 USC §1308 provides in pertinent part:

> (a) Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax returns under applicable nonbankruptcy law, the debtor shall file with

DEBTOR'S RESPONSE TO CHAPTER 13
TRUSTEE'S MOTION TO DISMISS CASE
AND OBJECTION TO CONFIRMATION - PAGE 6 OF 8



EDWARD C. CHUNG, ATTORNEY AT LAW, PLLC
600 First Avenue, Suite #403
Seattle, Washington 98104
Office Phone: (206) 264-8999     Facsimile (206) 264-9098

appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

(b) Subject to paragraph (2), if the tax returns required by subsection (a) have not been filed by the date on which the meeting of creditors is first scheduled to be held under section 341(a), the trustee may ***hold open*** that meeting for a reasonable period of time to allow the debtor an additional period of time to file any unfiled returns...

11 U.S.C. §1308 (a) and (b); *emphasis added.*

The phrase "hold open" used in section 11 USC §1308(b), does not appear anywhere else in the Bankruptcy Code and there have been few published decisions that interpret the meaning of the phrase. In the recent case of *United States v. Cushing (In re Cushing)*, 401 B.R. 528 (B.A.P. 1st Cir. 2009), the court addressed what it means to hold open the meeting of creditors and what steps the trustee should take to clearly convey to the debtor and creditors that the meeting has been held open.

In *Cushing*, the debtor had filed all tax returns except for her 2006 federal tax returns. She had obtained from the Internal Revenue Service ("IRS") an extension of time to October 15, 2007, for filing that returns. The meeting of creditors was first scheduled for July 24, 2007. The meeting was held on July 24 and, at the end of the meeting, the chapter 13 trustee was silent regarding whether the meeting was to be concluded, or was adjourned or continued to a another date. On August 2, 2007, the United States, on behalf of the IRS, filed a motion to dismiss the case because the debtor had not filed her 2006 tax return. The United States argued that, notwithstanding the extension of time granted the debtor, under section 1308 the court had no discretion other than to dismiss or convert the case when the meeting of creditors was not held open and the debtor had not filed one or more tax returns. The bankruptcy court denied the motion to dismiss, holding that the debtor had not violated Section 1308 because she had obtained an extension of time to file the return and, therefore, the return was not yet due under applicable non-bankruptcy law.

In *Cushing*, the Chapter 13 Trustee acknowledged that she had not stated either that the meeting was concluded or that it was continued, and that her "review of the case law" established that the section 341 meeting was never concluded. She argued that, unless a trustee specifically



states on the record that a meeting is concluded or the court orders that the meeting is concluded, for the purposes of 11 USC §1308 the meeting is held open and the debtor has up to 120 days from the meeting date to file all outstanding tax returns. See, *Cushing* 11, 383 B.R. at 17. In order to "hold open" the meeting, the statute requires the trustee to exercise discretion and take an *affirmative step* to hold the meeting open for a finite period of time. *In re Cushing*, 401 B.R. 528 (1st Cir. B.A.P. 2009); *In re Kuhar*, 391 B.R. 733 (Bankr. E.D. Pa. 2008).

In the present case, a motion for dismissal was noted before the 341 meeting of creditors was held. Moreover, upon Debtor and Debtor's counsel appearing at the 341 hearing, Debtor was not afforded the opportunity to request on the record that the 341 hearing be held open so that a 120 day extension for filing of taxes be made as the parties were advised that the 341 hearing would be reset for a date pending disposition of the Chapter 13 Trustee's Motion for Dismissal. Ms. Sarausad therefore requests that the court not dismiss Ms. Sarausad's case pursuant to 11 USC §1308 (b) 2 because the failure to file a return was attributable to circumstances beyond the control of the debtor, as more fully described herein and in Debtor's declaration. *See*, Declaration of Rosa M. Sarausad.

*Respectfully submitted this 22nd day of September 2010*

/s/ Edward C. Chung
Edward C. Chung, WSBA# 34292
Attorney for Debtor, Rosa M. Sarausad



EDWARD C. CHUNG, ATTORNEY AT LAW, PLLC
600 First Avenue, Suite # 403
Seattle, Washington 98104
Office Phone: (206) 264-8999    Facsimile (206) 264-9098